IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. |
| | ) | |
| THOMAS R. McGRATH | ) | |
| 611 Fallon Drive | ) | |
| Wilmington, DE 19804 | ) | |
| | ) | |
| and | ) | |
| | ) | |
| EDNA McGRATH, | ) | |
| 611 Fallon Drive | ) | |
| Wilmington, DE 19804 | ) | |
| | ) | |
| Defendants | ) | |
| | ) | |

## COMPLAINT

The United States of America, by and through undersigned counsel, complains of the defendants as follows:

1.     This is a civil action in which the United States seeks to reduce to judgment certain federal income tax assessments made against defendants Thomas R. McGrath and Edna McGrath. This action also seeks to reduce to judgment certain assessments made against defendant Thomas R. McGrath for federal employment taxes.

2.     The United States also seeks to foreclose an existing federal tax lien on certain real property.

3.     This civil action is commenced at the request of and with the authorization of the Chief Counsel of the Internal Revenue Service, a delegate of the Secretary of the Treasury and at the direction of the Attorney General of the United States pursuant to Sections 7401 and 7403 of the Internal Revenue Code (26 U.S.C.).

4.    Jurisdiction over this action is conferred upon this Court by virtue of Sections 1340 and 1345 of Title 28, U.S. Code, and Sections 7402 and 7403 of the Internal Revenue Code (26 U.S.C.).

5.    Venue is proper in this Court pursuant to Sections 1391(b) and 1396 of Title 28, United States Code, inasmuch as the tax liability at issue arose within the District of Delaware and the taxpayers reside in the District of Delaware.

6.    The real property upon which the United States seeks to foreclose its federal tax lien is located at 325 A Cedar Neck, Ocean View, Delaware 19970 (hereinafter referred to as "the property.") and is more fully described as follows:

> All that certain lot, piece or parcel of land in Baltimore Hundred, Sussex County, Delaware, which is known and designated as Lot Number 23, on the plot of lands of Martin E. Cox and Caroline S. Cox, which is of record in Plot Book Number 6, at page 8. Said lot is on the side of a thirty foot (30') road and the rear property line is on a lagoon connecting to White Creek as will more fully and at large appear upon reference to the said plot which was prepared by Barry Bressler on May 31, 1966.

7.    Defendants Thomas R. McGrath and Edna McGrath reside in this judicial district, the liability for taxes accrued in this district, and the property to be foreclosed on is located in Sussex County, Delaware and, therefore, venue exits in this Court.

## COUNT I

8.    The allegations of paragraphs 1 through 7, inclusive, are realleged and incorporated by reference in this Count as though fully set forth herein.

9.    Upon the dates and in the amounts shown in the below-listed chart, a delegate of the Secretary of the Treasury of the United States assessed against defendants Thomas R. McGrath and Edna McGrath (hereinafter sometimes referred to as

"taxpayers") income taxes.  On the same dates taxpayers also were assessed various penalties and interest according to law.

| YEAR ENDING | ASSESSMENT DATE | ASSESSED (TAX ONLY) |
|---|---|---|
| 12/31/90 | Feb. 3, 1997 | $ 7,709 |
| 12/31/94 | Sept 22, 1997 | 6,277 |
| 12/31/94 | Aug. 3, 1998 | 2,647 |
| 12/31/96 | Nov 9, 1998 | 7,828 |
| 12/31/97 | June 1, 1998 | 10,570 |
| | Total | $35,031 |

10.    Proper notice and demand for payment for the assessed liabilities referred to in paragraph nine above was made in accordance with 26 U.S.C.§ 6303.

11.    Statutory additions for interest and penalties have accrued relating to the assessed liabilities referred to in paragraph nine above and will continue to accrue.

12.    Thomas R. McGrath and Edna McGrath have failed to pay the United States the full amount owed as a result of the assessments referred to in paragraph nine above.

13.    As of October 17, 2005, defendants Thomas R. McGrath and Edna McGrath were jointly and severally indebted to the United States in the amount of $74,340 in individual federal income tax relating to the assessments identified in paragraph nine above, which sum does not include all of the interest and penalties which have accrued and continue to accrue under law since that date.

COUNT II

14.    The allegations of paragraphs 1 through 13, inclusive, are realleged and incorporated by reference in this Count as though fully set forth herein.

15.    Upon the dates and in the amounts shown in the below-listed chart, a delegate of the Secretary of the Treasury of the United States assessed against defendant Thomas R. McGrath, d/b/a Thomas R. McGrath Plumbing & Heating Co., federal

employment taxes.  On the same dates Thomas R. McGrath also was assessed various

penalties and interest  according to law.

| PERIOD ENDING | ASSESSMENT DATE | ASSESSED (TAX ONLY) |
|---|---|---|
| 12/31/96 | Mar. 20, 2000 | $ 1,425 |
| 06/30/97 | Feb. 21, 2000 | 1,425 |
| 09/30/97 | Feb. 21, 2000 | 1,425 |
| 12/31/97 | Feb. 21, 2000 | 1,425 |
| 03/31/98 | Aug. 24, 1998 | 1,312 |
| 06/30/98 | Aug. 24, 1998 | 1,431 |
| 12/31/98 | Feb. 21, 2000 | 1,425 |
| 03/31/99 | Feb. 21, 2000 | 1,425 |
| 06/30/99 | Feb. 28, 2000 | 1,425 |
|  | Total | $12,718 |

16.    Proper notice and demand for payment for the assessed liabilities referred to

in paragraph 15 above was made in accordance with 26 U.S.C.§ 6303.

17.    Statutory additions for interest and penalties have accrued relating to the

assessed liabilities referred to in paragraph 15 above and will continue to accrue.

18.    Thomas R. McGrath has failed to pay the United States the full amount

owed as a result of the assessments referred to in paragraph 15 above.

19.    As of October 17, 2005, defendant Thomas R. McGrath was indebted to the

United States in the amount of $23,870 in federal employment taxes relating to the

assessments identified in paragraph 15 above, which sum does not include all of the

interest and penalties which have accrued and continue to accrue under law since that

date.

**[remainder of page intentionally left blank]**

<u>COUNT III</u>

20.    By reason of the tax assessments described in paragraph nine above, federal tax liens arose on the dates of the assessments and attached to all property and rights to property owned or thereafter acquired by defendants Thomas R. McGrath and Edna McGrath.

21.    Notices of federal tax liens for the tax assessments described in paragraph nine above were filed on August 7, 1997, June 1, 1998, October 9, 1998, January 21, 2000, and March 26, 2001, with the Clerk of the Circuit Court, Sussex County, Delaware.

22.    By reason of the tax assessments described in paragraph 15 above, federal tax liens arose on the dates of the assessments and attached to all property and rights to property owned or thereafter acquired by defendant Thomas R. McGrath.

23.    A notice of federal tax lien for each of the tax assessments described in paragraph 15 was filed on July 10, 2000, with the Clerk of the Circuit Court, Sussex County, Delaware.

24.    The tax liens of the United States attached to all property and rights to property of the defendants, Thomas R. McGrath and Edna McGrath, specifically including the property described in paragraph six above.

WHEREFORE, the United States of America prays as follows:

I.    As to Count I, that the Court adjudge defendants Thomas R. and Edna McGrath jointly and severally indebted to the United States of America in the amount of $74,340 as of October 17, 2005, for unpaid income taxes relating to the years 1990, 1994, 1996, and 1997, and for statutory interest, penalties, and costs accruing after that date according to law, until paid;

-5-

1996, and 1997, and for statutory interest, penalties, and costs accruing after that date according to law, until paid;

II.    As to Count II, that the Court adjudge defendant Thomas R. McGrath individually indebted to the United States of America in the amount of $23,870 as of October 17, 2005, for employment taxes relating to: the fourth quarter of 1996; the second, third, and fourth quarters of 1997; the first, second, and fourth quarters of 1998; and the first and second quarters of 1999, and for statutory interest, penalties, and costs accruing after that date according to law, until paid;

III.    As to Count III,

A.    That this Court order, adjudge, decree, and declare that the United States of America has valid and subsisting federal tax liens by virtue of the assessments described in paragraph nine above, on all property and rights to property of defendants Thomas R. McGrath and Edna McGrath, and by virtue of the assessments described in paragraph 15 above, on all property and rights to property of defendant Thomas R. McGrath;

B.    That this Court order, adjudge and decree that the federal tax liens attaching to the real property described in paragraph six above be foreclosed and that the property be sold pursuant to 28 U.S.C. Section 2001 and the practice of the Court, either by the United States Marshal for the District of Delaware or by a Property Appraisal and Liquidation Specialist (PALS) of the Internal Revenue Service, to satisfy the tax assessments made against Thomas R. McGrath and Edna McGrath described in paragraph nine above and to satisfy the tax assessments made against Thomas R. McGrath described in paragraph 15 above, and that the proceeds of the sale of property be distributed first to reimbursement of the costs of the sale; second, that the remaining proceeds be distributed to the United States in satisfaction of the tax assessments made against Thomas R.

McGrath and Edna McGrath described in paragraph nine above; third, that one-half of the remaining proceeds, if any, be distributed to the Edna McGrath; fourth, that the remaining proceeds, if any, be distributed to the United States in satisfaction of the tax assessments made against Thomas R. McGrath described in paragraph 15 above; and fifth, that the remaining proceeds, if any, be distributed to defendants Thomas R. McGrath and Edna McGrath;

      IV.    That the United States be granted its costs incurred in the commencement and prosecution of this action; and

      V.    That the Court order such other and further relief as may be deemed just and proper under the circumstances.

COLM F. CONNOLLY
United States Attorney
District of Delaware


By: _Douglas E. McCann_____
Assistant United States Attorney
Delaware Bar No. 3852
P.O. Box 2046
Wilmington, Delaware 19899


_Charles H. Keen_____
CHARLES H. KEEN
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 227
Washington, DC 20044
(202) 307-6536

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM)

**I (a) PLAINTIFFS** - UNITED STATES OF AMERICA

**DEFENDANT** -
THOMAS R. McGRATH, EDNA McGRATH

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF ____
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT __NEW CASTLE__
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF

**(C)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
CHARLES H. KEEN, ESQUIRE
U.S. DEPARTMENT OF JUSTICE, TAX DIVISION
P.O. BOX 227, BEN FRANKLIN STATION
WASHINGTON, D.C. 20044       (202) 307-6536

DOUGLAS E. McCANN
AUSA
1007 ORANGE ST.
WILM. DE 19801

(ATTORNEYS (IF KNOWN

**II. BASIS OF JURISDICTION** (PLACE AN "X" IN ONE BOX ONLY)

☒ 1 U.S. Government Plaintiff

☐ 3 Federal Question
(U.S. Government Not a Party)

☐ 2 U.S. Government Defendant

☐ 4 Diversity
(Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN "X" IN ONE BOX FOR PLAINTIFF
(For Diversity Cases Only)                              AND ONE BOX FOR DEFENDANT)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Nation | ☐ 3 | ☐ 3 | Foreign Country | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

☐ 1. Original Proceeding  ☐ 2. Removed from State Court  ☐ 3. Remanded from Appellate Court  ☐ 4. Reinstated or Reopened  ☐ 5. Transferred from another district (specify)  ☐ 6. Multidistrict Litigation  ☐ 7. Appeal to District Judge from Magistrate Judgment

**V. NATURE OF SUIT** (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reappointment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 891 Agriculture Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 442 Employment | **HABEAS CORPUS:** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 443 Housing/Accommodations | ☐ 530 General | | ☒ 870 Taxes (U.S. Plaintiff or Defendant | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS - Third Party 26 USC 7609 | |
| ☐ 240 Torts to Land | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | | ☐ 550 Civil Rights | | | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 555 Prison Condition | | | |

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE.
DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

26 U.S.C. § 7403 - REDUCE TAX ASSESSMENT TO JUDGMENT.  FORECLOSE ON FEDERAL TAX LIENS

| VII. REQUESTED IN COMPLAINT: | CHECK IF THIS IS A CLASS ACTION ☐ UNDER F.R.C.P. 23 | DEMAND $ $96,210 | CHECK YES only if demanded in complaint: JURY DEMAND: ☐ YES  ☒ NO |
|---|---|---|---|

| VIII. RELATED CASE(S) IF ANY | (See Instructions): | | |
|---|---|---|---|
| | NONE | JUDGE | DOCKET NUMBER ____ |

DATE  3-27-2006

SIGNATURE OF ATTORNEY OF RECORD  Charles H. Keen

AO FORM 85 RECEIPT (REV. 9/04)

United States District Court for the District of Delaware

0 6 - 2 0 5

Civil Action No. _____

## ACKNOWLEDGMENT
## OF  RECEIPT  FOR AO FORM  85

## *NOTICE OF AVAILABILITY OF A*
## *UNITED STATES MAGISTRATE JUDGE*
## *TO EXERCISE JURISDICTION*

I HEREBY ACKNOWLEDGE RECEIPT OF _____ COPIES OF AO FORM 85.

3-29-06
(Date forms issued)

_____
(Signature of Party or their Representative)

John Dillon
(Printed name of Party or their Representative)

Note: Completed receipt will be filed in the Civil Action